UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK JACOBY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 12 CV 6539 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| DUPAGE COUNTY ILLINOIS; | ) |
| JOHN E. ZARUBA, in his capacity as | ) |
| Sheriff of DuPage County, Illinois; | ) |
| and as yet UNKNOWN DUPAGE | ) |
| COUNTY SHERIFF'S DEPARTMENT | ) |
| EMPLOYEES in their official and | ) |
| individual capacities, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Plaintiff Mark Jacoby filed a six-count first amended complaint against defendants DuPage County ("the County"), John Zaruba, in his capacity as Sheriff of DuPage County ("the Sheriff"), and as yet unknown DuPage County Sheriff's Department employees, alleging deliberate indifference to his medical needs in violation of the Eighth and Fourteenth Amendments,[1] in addition to state law claims for intentional infliction of emotional distress ("IIED"), battery, and negligence.[2] Jacoby also claims that the County is responsible for the actions of the Sheriff and unnamed defendants under the doctrine of *respondeat superior* and must statutorily indemnify the other defendants.[3] Jacoby seeks both compensatory and punitive

---

[1] Because Jacoby was a pretrial detainee at the time of his alleged injury, his claim is properly brought under the Fourteenth Amendment and not the Eighth Amendment, which applies to convicted persons. *See Henderson* v. *Sheahan*, 196 F.3d 839, 844 n.2 (7th Cir. 1999).

[2] The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367. Venue is proper under 28 U.S.C. § 1391 because the events that gave rise to Jacoby's claims occurred in this district.

[3] In his response, Jacoby agrees to withdraw his claims against the County based on respondeat superior. Thus, Count II of the first amended complaint will be dismissed.

damages, although he has agreed to withdraw his request for punitive damages against the County and the Sheriff. The County and the Sheriff have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the motion [#18] is granted in part and denied in part.

## BACKGROUND[4]

On June 20, 2011, Jacoby was arrested in Glen Ellyn, Illinois and taken to DuPage County Jail. First Am. Compl. ¶ 1. He was met there by Unknown Correction Officers #1 ("UCO #1") and #2 ("UCO #2"), who partially dragged him into the building. *Id.* ¶ 15. Jacoby was then thrown into a holding cell and pressed into a mat where he could not see and had difficulty breathing. *Id.* ¶ 16. Jacoby felt weight on him and someone crushing and twisting his arm. *Id.* After someone called out to stop, the assault eventually ceased. *Id.* ¶¶ 16, 19. Jacoby then observed UCO #1, UCO #2, and additional unknown defendants #3-10 (collectively, "unknown defendants") on the scene. *Id.* ¶ 19.

Jacoby's arm was injured during the incident, and several inmates commented on the noticeable bruising that occurred. *Id.* ¶ 22. Jacoby complained about his injury to guards and jail employees that day and the next to no avail. *Id.* Ultimately, on June 22, two days after the injury, Jacoby was taken to Central DuPage Hospital where he received treatment for a spiral fracture of his right humerus. *Id*. ¶ 26.

Jacoby also encountered other medical issues during his 11-day stay at the jail. *Id.* ¶ 27. He claims to have been seen by a medical professional only once during that time. *Id*. Additionally, upon his detention, Jacoby requested access to the medication he takes for his

---

[4] The following facts are taken from the first amended complaint and are presumed true for the purpose of resolving the pending motion. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002).

diagnosed bipolar disorder. *Id.* ¶ 28. He was told to check with the jail pharmacy for it but found that they did not carry his medication and could only provide him with an unknown substitute. *Id.* ¶ 29. Thinking it unwise to switch medication without a physician's recommendation, Jacoby went without his medication during his stay. *Id.*

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In reviewing a Rule 12(b)(6) motion, the court takes as true all facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Dixon* v. *Page*, 291 F.3d 485, 486–87 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 742–43 (7th Cir. 2010). Rather, it is the facts that count.

## ANALYSIS

### I. Deliberate Indifference Claim (Count I)

Jacoby alleges that the County, the Sheriff, and the unknown defendants deprived him of his constitutional rights under the Fourth Amendment by acting with deliberate indifference to his medical needs. To state a claim under § 1983, a plaintiff must allege that he or she was deprived of a federal right, privilege, or immunity by a person acting under color of state law.

*West* v. *Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  A municipality or local governmental entity, however, may not be held vicariously liable for the actions of its employees.  *See, e.g.*, *Montano* v. *City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008).  But such an entity may be held liable under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.  *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority.  *Baxter* v. *Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 734–35 (7th Cir. 1994) (citing *Monell*, 436 U.S. at 690-91).

  A. **Against the County**

  The County correctly argues that it cannot be held liable for any *Monell* claim because the Sheriff, and not the County, has sole control over the policies and practices of the jail.  Illinois law provides that a county sheriff, and not the county itself, has "custody and care" of the county jail and its operations.  55 Ill. Comp. Stat. 5/3-6017; *see Ryan v. Cnty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995) (county not liable under § 1983 where "Illinois sheriffs are independently elected officials not subject to the control of the county"); *Thompson* v. *Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (county not liable for failure to train policy claim where county had "no authority to train the employees involved or to set the policies under which they operate" as the county jail was "solely under the supervision and control" of the county sheriff).

B.  **Against the Sheriff**

Because Jacoby has sued the Sheriff only in his official capacity, the court need only consider whether he has sufficiently pleaded a *Monell* claim against him. *See Hafer* v. *Melo*, 502 U.S. 21, 25–27, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (discussing the difference between individual capacity and official capacity claims). Jacoby is not held to a heightened standard in pleading a *Monell* claim, even after *Twombly* and *Iqbal*. *See McCormick* v. *City of Chicago*, 230 F.3d 319, 323 (7th Cir. 2000) (citing *Leatherman* v. *Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)); *Riley* v. *Cnty. of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010). "[A]n official capacity claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." *Riley*, 682 F. Supp. 2d at 861 (citing *McCormick*, 230 F.3d at 325).

Jacoby first argues that he has stated a claim because the County and the Sheriff have admitted in their motion to dismiss that the Sheriff is the final policymaking authority for the jail. Further, Jacoby alleges that "[t]he policies and customs at the DuPage County Jail failed to safeguard" him.[5] First Am. Compl. ¶ 25. Although vague, Jacoby does allege that he suffered an injury at the hands of unknown officers or jail guards, that he complained of this injury to various jail employees, and that his injury went untreated for two days because of a failure to properly address the medical needs of detainees.

In *Baskin* v. *City of Des Plaines*, 138 F.3d 701, 705 (7th Cir. 1998), the court affirmed dismissal of a complaint that failed to allege any facts supporting the plaintiff's ratification theory of *Monell* liability, *i.e.*, that an official with final policymaking authority approved a

---

[5] The Sheriff argues that Jacoby's allegations of a policy or custom are directed at the County and not the Sheriff. The complaint, however, can be read to make the allegations against both defendants.

subordinate's actions. In *Taylor* v. *Cook County*, No. 11 C 7427, 2013 WL 2285806, at *6 (N.D. Ill. May 23, 2013), similarly, the court granted summary judgment against a municipality where there was no evidence that the sheriff was aware of alleged constitutional injury). Moreover, isolated incidents, without more, do not state a *Monell* policy or custom claim. *See Zubek* v. *City of Chicago*, No. 04 C 5399, 2006 WL 1843396, at *5 (N.D. Ill. July 5, 2006) ("A plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident will not suffice.").

Lacking access to information, Jacoby is not in a position to allege whether the Sheriff was aware of his injury or of the alleged failure to treat that injury, or whether the Sheriff actively condoned the failure. Nor is Jacoby likely to be privy to information about other instances of detainees with similar experience. Nonetheless, he does allege that he made repeated complaints over an 11-day period and that he was repeatedly denied medical care. This series of incidents at least minimally permits the inference that there was a widespread practice that had the force of policy to disregard the legitimate medical needs of detainees. *See Garrett* v. *Dart*, No. 09 C 1398, 2010 WL 2136670, at *4 (N.D. Ill. May 26, 2010) (allowing a *Monell* claim to proceed where plaintiff's complaint could be read to allege repeated violations of his rights and alleged the specific policy at issue). The motion to dismiss this claim against the Sheriff is denied.

## II.  Intentional Infliction of Emotional Distress (Count III)

Jacoby has also alleged a state law claim for IIED against the Sheriff and the unknown defendants.[6] To the extent that this claim seeks to hold the Sheriff liable for his own alleged direct actions constituting IIED, the claim cannot proceed, for the complaint provides no support that the Sheriff acted in an outrageous manner or that the Sheriff intended to inflict severe

---

[6] Jacoby has agreed to voluntarily withdraw his IIED claim against the County.

emotional distress on Jacoby. *See Cook* v. *Winfrey*, 141 F.3d 322, 330 (7th Cir. 1998) (to state an IIED claim, plaintiff must allege that defendant's conduct was "extreme and outrageous," that defendant intended to inflict severe emotional distress, and that defendant's conduct caused severe emotional distress).

To the extent Jacoby asserts a claim based on the Sheriff's vicarious liability for the actions of the unknown defendants, the Sheriff argues that this claim should be dismissed because he is immune from liability pursuant to § 2-204 of the Illinois Local Governmental and Governmental Employee Tort Immunity Act (the "TIA"). Section 2-204 provides that "[e]xcept as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." 745 Ill. Comp. Stat. 10/2-204. Immunity under the TIA is an affirmative defense. *Lipsey* v. *United States*, No. 12-2100, 2013 WL 757652, at *13 (C.D. Ill. Jan. 2, 2013).

The Seventh Circuit, in dicta, found a sheriff immune from liability for the acts of his deputy sheriff pursuant to § 2-204. *Payne ex rel. Hicks* v. *Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998) (dicta) ("To the extent that [the complaint] alleges vicarious liability under state law, the Sheriff is immune under the provisions of the Illinois Tort Immunity Act." (citing 745 Ill. Comp. Stat. 10/2-204)); *see also Catchings* v. *City of Chicago*, No. 04 C 6110, 2006 WL 1371440, at *9–10 (N.D. Ill. May 15, 2006); *Lipsey*, 2013 WL 757652, at *5 (§ 2-204 would provide sheriff with immunity under *Payne* for vicarious liability claim). But the court in *Payne* did not address whether the sheriff there had been sued in his official or individual capacity. Here, the Sheriff is sued only in his official capacity, *i.e.,* as an institutional defendant, not as an employee of that institution. Section 2-204 protects only public employees, *i.e.,* employees of a "local public entity." 745 Ill. Comp. Stat. 10/1-207. By its plain language, then, § 2-204 does

7

not reach the Sheriff, sued here in his official capacity as an institutional defendant. *See Thomas* v. *Cook Cnty. Sheriff*, 401 F. Supp. 2d 867, 875 (N.D. Ill. 2005); *see also Lopez* v. *Dart*, No. 06 C 4836, 2008 WL 4889088, at *5 n.8 (N.D. Ill. July 17, 2008). This conclusion is further supported by reading § 2-204 in conjunction with § 9-102 of the TIA, which requires public entities to indemnify their employees when acting in the scope of their employment.[7] *Davis* v. *Peoria Cnty.*, No. 08-CV-1118, 2009 WL 3258318, at *13 (C.D. Ill. Oct. 8, 2009) ("To hold, as Defendant Sheriff McCoy would have it, that § 2-204 precludes all *respondeat* liability on the part of a sheriff would ignore the language of § 2-204 itself, would be contrary to the authoritative Illinois interpretation, and would render the ITIA internally inconsistent." (footnotes omitted)); *see also Brown* v. *King*, 767 N.E.2d 357, 360, 328 Ill. App. 3d 717, 262 Ill. Dec. 897 (2001) (sheriff may be liable for the intentional acts of his employees under § 9-102). Thus, dismissal of Jacoby's IIED vicarious liability claim against the Sheriff based on §2-204 immunity is not appropriate.[8]

## III.   Negligence Claim (Count V)

### A.   Against the County

Jacoby alleges that the County had a duty to ensure that Jacoby received adequate medical care and to ensure its prisoners had safe and adequate prison conditions. First Am. Compl. ¶ 49. But as discussed above, the County has no authority over the operation of the jail and thus no independent duties with respect to the care of jail detainees. *See Moy*, 640 N.E.2d at 928–30. Nor may the County be held liable for the Sheriff's alleged negligent conduct. *Moy*,

---

[7] Whether the unknown defendants were acting within their scope of employment is a question of fact not before the court at this time.

[8] The Sheriff argues that Jacoby's battery claim (Count IV) should be dismissed for the same reasons as his IIED claim. But Count IV is not directed against the Sheriff and Jacoby has not sought to hold the Sheriff liable separately on any counts under a respondeat superior, a theory pled (and subsequently voluntarily withdrawn) only against the County.

640 N.E.2d at 931; *see also Haynes* v. *Dart*, No. 08 C 4834, 2009 WL 590684, at *6 (N.D. Ill. Mar. 6, 2009) (dismissing negligence claim regarding jail conditions against county). Thus, there is no basis on which to hold the County liable for alleged negligence, and Jacoby's negligence claim against the County must be dismissed.

> B. **Against the Sheriff**

The Sheriff contends that, like Jacoby's IIED claim, the negligence claim should be dismissed because the Sheriff is protected from liability by § 2-204. But Jacoby has alleged not only that the Sheriff is liable for the negligent acts of the unknown defendants but also that the Sheriff is liable for his own breaches of a duty of care (specifically, failure to provide Jacoby with safe and adequate prison conditions and failure to provide Jacoby with adequate medical care).⁹ Section 2-204 does not protect the Sheriff from a negligence claim directed at him. *See* 745 Ill. Comp. Stat. 10/2-204 (providing immunity for injuries "caused by the act or omission of another person"). Section 2-204 also does not supersede Illinois law providing that sheriffs are vicariously liable for the negligent acts of their subordinates. *See* 55 Ill. Comp. Stat. 5/3-6016 ("The sheriff shall be liable for any neglect or omission of the duties or his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission."); 745 Ill. Comp. Stat. 10/2-204 (providing immunity "[e]xcept as otherwise provided by statute"); *Miller* v. *Zaruba*, No. 10 C 6533, 2011 WL 1630679, at *4 (N.D. Ill. Apr. 28, 2011); *Wallace* v. *Masterson*, 345 F. Supp. 2d 917, 922–23 (N.D. Ill. 2004); *Lewis* v. *Cook Cnty. Corr. Officers*, No. 01 C 6318, 2002 WL 31133175, at *1 (N.D. Ill. July 19, 2002). Thus, Jacoby's claim of negligence against the Sheriff stands.

---

⁹ The Sheriff does not argue that such duties do not exist, and thus the court assumes, for the purpose of resolving this motion, that Jacoby has adequately pled a negligence claim, with the only issue being whether it is barred by § 2-204.

### IV. The County as a Necessary Party

Jacoby argues that even if his claims against the County are dismissed, the County cannot be dismissed because it is a necessary party to the suit. Illinois law requires local public entities "to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable." 745 Ill. Comp. Stat. 10/9-102. "Because the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *Carver v. Sheriff of LaSalle Cnty.*, 787 N.E.2d 127, 141, 203 Ill. 2d 497, 272 Ill. Dec. 312 (2003). Thus, the County remains in this case as an indemnitor only, for Jacoby has asserted viable claims for damages against the Sheriff in his official capacity. *Carver* v. *Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003) ("[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity."); *see also Riley*, 682 F. Supp. 2d at 860–61 ("[T]he County cannot be entirely dismissed from the suit due to its duty to indemnify any official capacity claims."); *Hunt* v. *Dart*, No. 07 C 6003, 2010 WL 300397, at *2 (N.D. Ill. Jan. 22, 2010) (relying on *Carver* to conclude that county remained a party for indemnification purposes).

## CONCLUSION

For the foregoing reasons, the County and the Sheriff's motion to dismiss is granted in part and denied in part. Count I (deliberate indifference) is dismissed with prejudice as to the County; Count II (respondeat superior against the County) is dismissed with prejudice; Count III (intentional infliction of emotional distress) is dismissed with prejudice as to the County and may proceed against the Sheriff only on a theory of vicarious liability for the actions of the unknown defendants; and Count V (negligence) is dismissed with prejudice as to the County.

Jacoby's punitive damages request is dismissed with prejudice as to the County and the Sheriff. The County and the Sheriff have until July 10, 2013 to respond to Jacoby's complaint. This case will be called for a status hearing and scheduling conference on July 18, 2013 at 8:30 a.m.

                                    ENTER:

Dated: June 26, 2013                      _____
                                    JOAN HUMPHREY LEFKOW
                                    United States District Judge